

# The Attorney General of Texas

April 9, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Gibson D. (Gib) Lewis
Chairman
House Committee on
   Intergovernmental Affairs
State Capitol
Austin, Texas

Opinion No. MW-10

Re: Whether a regional transit authority established under article 1118x, V.T.C.S., is covered by the Tort Claims Act.

Dear Representative Lewis:

You have requested our opinion as to whether the Texas Tort Claims Act, article 6252-19, V.T.C.S., is applicable to a regional transit authority created pursuant to article 1118x, V.T.C.S. The Tort Claims Act applies to every "unit of government" in the state, section 3, but it is not applicable "to any proprietary function of a municipality." Section 18(a). You ask whether a regional transit authority falls within the exception of section 18. Since it is our view that a regional transit authority does not exercise any proprietary function, we need not address the question of whether it may be deemed a "municipality" for purposes of article 6252-19.

It is clear that a regional transit authority created pursuant to article 1118x, defined as a "public body corporate and politic," section 6(a), is a "unit of government" within the meaning of the Tort Claims Act. Section 6(a) of article 1118x provides that a duly created authority exercises

> public and essential <u>governmental</u> functions, [and has] all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this Act, including, but not limited to, the following ... :
>
> . . . .
>
> (e) ... the power to acquire, construct, complete, develop, own, operate and maintain a [rapid transit] system or systems within its boundaries. ...

(Emphasis added). Under the language of the statute, then, the operation of a rapid transit system by an authority is described as a "governmental function."

In City of Corsicana v. Wren, 317 S.W.2d 516 (Tex. 1958), the Supreme Court considered a statute containing a legislative declaration that a municipality's operation of an airport is a governmental function. The court held that, so long as

> the legislative classification as governmental (or nongovernmental) cannot be called arbitrary or clearly at variance with 'well established and well defined' law on the subject, the classification ought to be respected by the courts.

317 S.W.2d at 520. We do not believe that the classification at issue here may be so labeled. See Imperial Production Corp. v. City of Sweetwater, 210 F.2d 917 (5th Cir. 1954); Braun v. Trustees of Victoria Independent School District, 114 S.W.2d 947, 950 (Tex. Civ. App. — San Antonio 1938, writ ref'd); Garza v. Edinburg Consolidated School District, 576 S.W.2d 916 (Tex. Civ. App. — Corpus Christi 1979); Pontarelli Trust v. City of McAllen, 465 S.W.2d 804 (Tex. Civ. App. — Corpus Christi 1971, no writ). In our opinion, Wren compels the conclusion that the legislature is authorized to classify the powers of a regional transit authority as exclusively governmental. As a result, it is our view that the Tort Claims Act is applicable to a regional transit authority created pursuant to article 1118x.

## SUMMARY

The Texas Tort Claims Act, article 6252-19, V.T.C.S., is applicable to a regional transit authority created pursuant to article 1118x, V.T.C.S.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks

Rick Gilpin
William G Reid
Bruce Youngblood